Barry D. Halpern (#005441)
Joseph G. Adams (#018210)
Jefferson R. Hayden (#026264)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-mail:  bhalpern@swlaw.com
jgadams@swlaw.com
jhayden@swlaw.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E.L.,<br><br>            Plaintiff,<br><br>v.<br><br>Scottsdale Healthcare Corp. Health Plan; Plan Administrator of the Scottsdale Healthcare Corp. Health Plan; Scottsdale Healthcare Corp.,<br><br>            Defendants. | Case No. CV11-0271-PHX-REJ<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>(Assigned to Hon. Robert E. Jones) |

Defendants respectfully request that the Court deny plaintiff E.L.'s Motion to Proceed Under Pseudonym.  Plaintiff has failed to demonstrate the necessary risk of harm to overcome the requirement in Fed. R. Civ. P. 10(a) that the title of every complaint include the names of all the parties.

**I.      LEGAL TEST FOR PROCEEDING UNDER A PSEUDONYM.**

Courts presume that parties will ordinarily use their true names in litigation.  *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1046 (9th Cir. 2010).  The Ninth Circuit permits parties to proceed under a pseudonym only in "unusual cases."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).  In particular, anonymity is warranted only in "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing

the party's identity." *Id.* at 1068. Here, plaintiff fails to meet the high threshold of demonstrating that her case is sufficiently "unusual" to diverge from the plain language of Rule 10(a). *See id.* at 1067 ("Plaintiffs' use of fictitious names runs afoul to the public's common law right of access to judicial proceedings").

Plaintiff bears the burden of establishing the need to proceed anonymously. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).

## II. PLAINTIFF HAS NOT SATISFIED HER BURDEN UNDER NINTH CIRCUIT CASE LAW.

Plaintiff's sole ground for desiring to proceed under a pseudonym is her claimed embarrassment of her past and present medical conditions. The Ninth Circuit has emphasized that a plaintiff may proceed under a pseudonym only "when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. Situations where courts have found sufficient privacy concerns to warrant proceeding under a fictitious name have included cases involving issues such as birth control, illegitimacy, abortion, mental disease,[1] transsexuality, homosexuality, and rape. *See* 2 James Wm. Moore, et al., *Moore's Federal Practice* § 10.02(2)(c)(ii) (3d. ed. 2006).

In this case, plaintiff's privacy concerns above do not rise to the requisite level to warrant the use of a pseudonym. Although the complaint refers in a general manner to certain medical conditions experienced by plaintiff, the mere fact that plaintiff has faced medical challenges does not rise to the level of embarrassment that would require shielding her identity. The medical issues raised in the complaint are well-known and common. By contrast, plaintiff's situation is sharply different from the potential injuries faced by the plaintiffs in *Advanced Textile*, the leading Ninth Circuit case regarding use

---

[1] Plaintiff also has asserted that her embarrassment also stems from disclosure of her past history of mental disorders. But without sufficient facts establishing the nature of her claimed mental illness, plaintiff has not met her burden. *See Alyssa C. v. Palo Alto Housing Corp., et al.*, No. CIV07-1112-JW, 2007 U.S. Dist. LEXIS 24183, at *4 (N.D. Cal. Mar. 20, 2007) (allegations that plaintiff suffers from a mental disorder that manifests "in severe fatigue, social and situational anxiety, compulsive behavior and depression" is insufficient to demonstrate her case is "unusual" warranting anonymity).

1  of pseudonyms in litigation.  There the plaintiffs seeking anonymity were faced with the
2  potential termination from their jobs, deportation, and arrest and imprisonment of
3  themselves and their families by the People's Republic of China.  *Advanced Textile*, 214
4  F.3d at 1062 (plaintiffs had "an objectively reasonable fear of extraordinarily severe
5  retaliation.").  While plaintiff may be uncomfortable with raising her medical issues in
6  court, this discomfort is not remotely similar to the "extraordinarily severe" injury faced
7  by the *Advanced Textile* plaintiffs.

8  Courts have consistently required parties seeking anonymity to satisfy a high
9  threshold.  In one such case, a court rejected a plaintiff's request to use a pseudonym in a
10 case involving an officer who took pictures of her genitals.  *See D.C. v. Pierce County, et
11 al.*, No. CIV10-5246-RJB, 2010 U.S. Dist. LEXIS 101754 (W.D. Wash. Sept. 27, 2010).
12 In denying her request, the court stated that while it sympathized with the plaintiff, the
13 plaintiff elected to file suit and "[m]uch of what is litigated involves embarrassment for
14 one party or another."  *Id*. at *5.  The same holds true in other cases.  *See also 4 Exotic
15 Dancers v. Spearmint Rhino, et al.*, No. CIV08-4038-ABC, 2009 U.S. Dist. LEXIS 9841
16 (C.D. Cal. Jan. 29, 2009) (four adult entertainers denied the ability to proceed
17 anonymously despite showing objectively reasonable fears of economic retaliation and
18 privacy concerns); *R.P. v. Board of Trustees of the Vista Unified School District, et al.*,
19 No. CIV08-1657-L-NLS, 2008 U.S. Dist. LEXIS 87533 (S.D. Cal. Oct. 28, 2008)
20 (denying motion to proceed anonymously in spite of prior acts of retaliation and
21 continued embarrassment, damage to personal property, and the spread of rumors that
22 could deprive him of educational and employment opportunities).

23 Plaintiff also contends that she should proceed under a pseudonym because this
24 action implicates her medical records.  But the Ninth Circuit has not recognized a general
25 exception for cases involving medical issues.  To be sure, adopting such a rule would
26 require the use of pseudonyms in all medical malpractice cases, cases involving health
27 plan benefits, personal injury cases or any other case in which a plaintiff's medical
28 history would be placed at issue.  This is not the law.

- 3 -

### III. THE PUBLIC INTEREST AND THE POTENTIAL PREJUDICE TO DEFENDANTS WEIGH AGAINST PLAINTIFF'S REQUEST.

The Court also must balance the prejudice to defendants and the public interest in disclosure of plaintiff's name with plaintiff's desire to proceed anonymously. *Advanced Textile*, 214 F.3d at 1068.  There is a long-recognized public interest in open court proceedings and keeping court records and information open.  "Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts." *Stoterau*, 524 F.3d at 1013.

In addition, defendants would bear the added administrative burden and cost associated with continued redaction of plaintiff's name from any and all documents filed in this action.  This is especially true in this case, which is an ERISA case that relies heavily on a substantial administrative record with numerous documents bearing plaintiff's name.  Without a compelling need for anonymity, the presumption that the parties' identities are public information cannot be overcome.

### IV. CONCLUSION.

Defendants respectfully request the Court deny plaintiff E.L.'s Motion to Proceed Under Pseudonym.

DATED this 3rd day of March, 2011.

SNELL & WILMER L.L.P.


By: s/ Joseph G. Adams
   Barry D. Halpern
   Joseph G. Adams
   Jefferson R. Hayden
   400 E. Van Buren St.
   Phoenix, Arizona 85004-2202
   Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2011, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

s/ Joseph G. Adams
12644939