IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| E.L., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:11-cv-00271-REJ |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| SCOTTSDALE HEALTHCARE CORPORATION | ) | |
| HEALTH PLAN; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Daniel L. Bonnett
Jennifer L. Kroll
Susan J. Martin
MARTIN & BONNETT, P.L.L.C.
1850 N. Central Avenue, Suite 2010
Phoenix, AZ  85004

  Attorneys for Plaintiff

Barry D. Halpern
Jefferson R. Hayden
Joseph G. Adams
SNELL & WILMER, L.L.P.
1 Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202

  Attorneys for Defendants

JONES, Judge:

This action is before the court on plaintiff's motion (# 7) to proceed under pseudonym. For the following reasons, the motion is denied.

The Ninth Circuit recognizes that a plaintiff's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings," and "Rule 10(a)'s command that the title of every complaint 'include the names of all the parties. . . .'" Does I Thru XXIII v. Advanced Textile Corporation, 214 F.3d 1058, 1067 (9th Cir. 2000)(citations omitted). The Ninth Circuit does, however, permit parties to proceed anonymously "when special circumstances justify secrecy." Id. Specifically, the Ninth Circuit "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" Id. at 1067-68 (ellipses in original; citations omitted).

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010). As the court explained in Kamehameha:

> This presumption is loosely related to the public's right to open courts . . . and the right of private individuals to confront their accusers.
>
> In this circuit, the common law rights of access to the courts and judicial records are not taken lightly. We recognize that there is a "general right to inspect and copy public records and documents, including judicial records and documents." . . . The "public interest in understanding the judicial process" has supported our "general history of access."

Kamehameha, 596 F.3d at 1042-43 (citations omitted). Thus, in the Ninth Circuit, a plaintiff may preserve his or her anonymity in judicial proceedings "in special circumstances when the

party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII, 214 F.3d at 1068.  The Ninth Circuit has identified three situations that might qualify as appropriate for fictitious pleading:  (1) where identification creates the risk of retaliatory physical or mental harm; (2) where anonymity is needed to "preserve privacy in a matter of sensitive and highly personal nature"; and where anonymity protects a party from criminal prosecution.  Id. (citations omitted).

In this case, plaintiff, a registered nurse, seeks benefits and other relief for alleged violations of the terms of her employee welfare benefit plan and ERISA.  According to plaintiff, if her name is used in publicly-filed documents, she will "likely [suffer] personal embarrassment and injury" from disclosure of her medical condition and details of her medical history.  Motion to Proceed Under Pseudonym, p. 2.  A review of the cases in which use of a pseudonym has been permitted, however, reveals that plaintiff's circumstances do not rise to the level of "special" or "unusual" that is required to justify anonymity.  Disclosure of medical records is part and parcel of judicial proceedings in many types of litigation, for example, Social Security administrative reviews, medical malpractice litigation, and, as alleged here,  ERISA and welfare benefits claims.  That the medical records might include embarrassing or private information is

3 - OPINION AND ORDER

not unusual and does not justify the secrecy of anonymity. An appropriate protective order can provide the confidentiality plaintiff seeks.

    Consequently, plaintiff's motion (# 7) is DENIED.

    DATED this 6th day of May, 2011.

                                    /s/ Robert E. Jones
                                    ROBERT E. JONES
                                    U.S. District Judge