IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| E.L., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:11-cv-00271-REJ |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| SCOTTSDALE HEALTHCARE CORPORATION | ) | |
| HEALTH PLAN; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Daniel L. Bonnett
Jennifer L. Kroll
Susan J. Martin
MARTIN & BONNETT, P.L.L.C.
1850 N. Central Avenue, Suite 2010
Phoenix, AZ 85004

  Attorneys for Plaintiff

Barry D. Halpern
Jefferson R. Hayden
Joseph G. Adams
SNELL & WILMER, L.L.P.
1 Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202

  Attorneys for Defendants

JONES, Judge:

Plaintiff brings this action against defendants Scottsdale Healthcare Corp. Health Plan, Plan Administrator of the Scottsdale Healthcare Corp. Health Plan, and Scottsdale Healthcare Corp., alleging eight claims: (1) breach of contract and recovery of benefits and enforcement of rights pursuant to § 502(a)(1)(B) of the Employment Retirement Income Security Act ("ERISA"); (2) violations of the terms of the Scottsdale Healthcare Corp. Health Plan ("Plan") pursuant to § 502(a)(1)(B) and § 502(a)(3) of ERISA; (3) violations of § 510 of ERISA; (4) breach of fiduciary duty pursuant to § 502(a)(3) of ERISA; (5) violations of ERISA's claims procedure requirement; (6) violations of requirements governing limits on preexisting conditions exclusions; (7) violations of ERISA disclosure requirements; and (8) equitable estoppel for failure to pay promised benefits.[1]

This case is now before the court on defendants' motion to dismiss (# 15) two counts of plaintiff's complaint: Count VI for violations of requirements governing limits on preexisting conditions exclusions and Count VIII for equitable estoppel for failure to pay promised benefits. In her response to defendants' motion to dismiss, plaintiff requests leave to amend her complaint. For the reasons explained below, defendants' motion is granted on both counts, and plaintiff is granted leave to amend.

## STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v.

---

[1] The complaint is styled as a class action complaint, but plaintiff has not sought class certification.

Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

While the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). Assessing a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

## FACTUAL BACKGROUND

The factual background is taken entirely from plaintiff's complaint. In 1996, plaintiff underwent Roux-en-Y gastric bypass surgery to address several serious and potentially fatal health conditions. Complaint ("Compl."), ¶ 17 . Medicare covered the surgery as a medically necessary procedure. Compl., ¶ 18. Plaintiff also underwent hernia repair surgery in 1997 and abdominal hysterectomy surgery in 2002. Id., ¶¶ 20, 21.

Before her employment with Scottsdale Health Care in 2007, defendants advised plaintiff that the Plan would cover future complications of plaintiff's previous surgeries and that no preexisting condition exclusions would apply. Id., ¶ 62. Plaintiff alleges that in reliance upon these representations, she went to work for Scottsdale Health Corp. Id., ¶ 63.

Shortly after starting employment, plaintiff began suffering serious health problems. Id., ¶ 10. Plaintiff's health problems persisted through March of 2009, when plaintiff visited a physician who referred her to a specialist at the Mayo Clinic. Id., ¶ 13. In June 2009, Dr. Swain of the Mayo Clinic performed surgery on plaintiff to remove a narrowed silastic band from her 1996 Roux-en-Y surgery. Id., ¶ 22. During the surgery, Dr. Swain also found and repaired adhesions related to plaintiff's 1997 hernia repair surgery, and a bowel obstruction that was unrelated to any prior surgery. Id.

On June 8, 2009, the Plan notified plaintiff by letter that it believed the Roux-en-Y surgery was not a covered service and that medical procedures resulting from complications of the Roux-en-Y surgery were not covered under the Plan. Compl., ¶ 37. The letter advised plaintiff that she had a right to appeal the determination and that the Plan would not seek repayment of benefits that it had already paid for medical surgeries related to plaintiff's Roux-en-Y surgery. Id., ¶ 40. Plaintiff timely appealed the decision, but the Plan upheld the decision denying her claims. Id., ¶¶ 44, 45. In February of 2010, the Plan notified plaintiff that the commitment not to seek recoupment of benefits paid for previous medical surgeries related to plaintiff's Roux-en-Y surgery was conditioned on plaintiff's agreement not to file any further appeals. Id., ¶ 47. In June 2010, plaintiff again appealed the denial of benefits. Id., ¶ 50.

By letter dated July 29, 2010, the Plan notified plaintiff that it would allow medical expenses for constipation relating to plaintiff's colonic motility disorder, but that her claims related to hyperthyroidism, abdominal pain, bowel obstructions, chronic nausea, vomiting, and iron deficiency were complications of the 1996 Roux-en-Y surgery and would not be allowed. Compl., ¶ 52. In a letter dated October 21, 2010, the Plan notified plaintiff that it was offsetting $39,242.61 in benefits paid for what it deemed to be complications of plaintiff's Roux-en-Y surgery. Id., ¶ 57. The letter further advised plaintiff that the claims system used by physicians and pharmacies would show plaintiff as ineligible for benefits. Id., ¶ 58.

DISCUSSION

1. Plaintiff's Claim for Violations of Requirements Governing Limits on Preexisting Conditions Exclusions (Count VI)

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") amended numerous federal statutes, including ERISA. Among these amendments was ERISA § 701, 29 U.S.C. § 1181(a), which sets forth the conditions under which a health care plan may impose an exclusion for a preexisting condition.

Relying on Webb v. Smart Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007), Doe v. Bd. of Trustees of the Univ of Ill., 429 F. Supp. 2d 930, 944 (N.N. Ill. 2006), and Fast v. Univ. of Neb. Med. Ctr., 2007 U.S. Dist. LEXIS 63079, at *4 (D. Neb. Aug. 23, 2007), defendant contends that there is no private right of action under HIPAA. Defendant also argues that the court in Werdehausen v. Benicorp Ins. Co., 487 F.3d 660 (8th Cir. 2007), held that a plaintiff is permitted to bring an action for an alleged violation of HIPAA only when such claim is based on another provision of ERISA. Plaintiff, however, also cites Werdehausen, as well as Stang v.

5 - OPINION AND ORDER

Clifton Gunderson Health Care Plan, 71 F. Supp. 2d 926, 933 (W.D. Wis. 1999), and Warren Pearl Const. Corp. v. Guardian Life Ins. Co. Of America, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009), for the proposition that a plan participant may bring a claim under 701.

Courts generally have held that there is no private right of action under HIPAA. Webb v. Smart Solutions, LLC, 499 F.3d at 1081 ("HIPAA itself provides no private right of action."); Doe v. Bd. of Trustees of the Univ of Ill., 429 F. Supp. 2d at 944 ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action.") (citing cases); Fast v. Univ. of Neb. Med. Ctr., 2007 U.S. Dist. LEXIS 63079, at *4 ("[A] federal agency can file lawsuits to recover civil and criminal penalties against those who violate HIPAA, but private citizens cannot.").

Despite plaintiff's arguments to the contrary, Werdehausen does not support the proposition that she may bring a claim directly under ERISA § 701. In Werdehausen, the plaintiffs tried to bring a direct claim under ERISA § 702. However, both the district court and the Eighth Circuit recognized that there is no private right of action under HIPAA, and instead permitted plaintiffs to bring a new claim under ERISA § 502(a)(3). Werdehausen, 487 F.3d at 668. In Stang, the plaintiff properly brought his claim under Section 502 and not Section 701 or any other provision of HIPAA. Similarly, the court in Warren Pearl simply cited to Werdehausen without any further analysis and granted defendants' motion for summary judgment.

Plaintiff has not cited any additional authority that allows her to bring her claim under HIPAA. Consequently, I grant defendants' motion to dismiss Count VI with leave for plaintiff to amend her claim such that it is brought under an appropriate ERISA code section.

2.  Plaintiff's Claim for Equitable Estoppel for Failure to Pay Promised Benefits (Count VIII)

The Ninth Circuit requires a plaintiff to establish five elements to state a claim for estoppel in an ERISA case: (1) a "material misrepresentation," (2) a "reasonable and detrimental reliance upon the representation," (3) extraordinary circumstances," (4) "the provisions of the plan at issue are ambiguous such that reasonable persons could disagree as to their meaning or effect," and (5) "representations are made to the employee that involve an oral interpretation of the plan." Pisciotta v. Teledyne Indus., Inc.,91 F.3d 1326, 1331 (9th Cir. 1996); see also Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 821 (9th Cir. 1992).

I agree with defendants that plaintiff has failed to allege facts sufficient to state three of the above five elements: that the provisions of the Plan were ambiguous, that the representations about the Plan were made orally, and that extraordinary circumstances exist that justify an estoppel claim. Consequently, I grant defendants' motion to dismiss Count VIII with leave for plaintiff to amend the claim to allege the necessary elements.

CONCLUSION

Defendants' motion to dismiss (#15) is GRANTED. Plaintiff is granted leave to amend her complaint within 20 days, consistent with this opinion.

DATED this 9th day of August, 2011.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge