IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ELLEN LEMBERG, ) | |
| ) | |
| Plaintiff, ) | No. 2:11-cv-00271-REJ |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| SCOTTSDALE HEALTHCARE CORPORATION ) | |
| HEALTH PLAN; ET AL., ) | |
| ) | |
| Defendants. ) | |

Daniel L. Bonnett
Jennifer L. Kroll
Susan J. Martin
MARTIN & BONNETT PLLC
1850 N. Central Avenue, Suite 2010
Phoenix, AZ  85004

  Attorneys for Plaintiff

Barry D. Halpern
Jefferson R. Hayden
Joseph G. Adams
SNELL & WILMER LLP
1 Arizona Center, 400 E. Van Buren
Phoenix, AZ  85004-2202

  Attorneys for Defendants

JONES, Judge:

Plaintiff brings this action against defendants Scottsdale Healthcare Corp. Health Plan, Plan Administrator of the Scottsdale Healthcare Corp. Health Plan, and Scottsdale Healthcare Corp., alleging claims for breach of contract, recovery of benefits, and enforcement of rights under various provisions of the Employment Retirement Income Security Act and under the terms of the Scottsdale Healthcare Corp. Health Plan.  Plaintiff styles the action as a class action, and alleges the existence of three subclasses.

The case is now before the court on defendants' motion to strike class allegations (# 32).  For the reasons stated below, the motion is denied.

## DISCUSSION

The Ninth Circuit recently held that as a procedural matter, Federal Rule of Civil Procedure 23 "does not preclude a defendant from bringing a 'preemptive' motion to deny certification" where the class action plaintiff has yet to seek certification.  Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939, 941 (9th Cir. 2009) (collecting cases and other authorities).  Defendants in this case, however, seek to deny class certification through the vehicle of a Rule 12 motion to strike plaintiff's class action allegations, an approach for which defendant cites no direct authority and for which this court has located none.

Indeed, in Vinole the court cited with approval In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609 (N.D. Cal. 2007), noting that the district court properly exercised its discretion in denying defense Rule 12 motions to dismiss and strike class allegations because "defendant had not yet answered the complaint, discovery had not yet commenced, and

no motion to certify a class had been filed." Vinole, 571 F.3d at 941 (citing In re Wal-Mart Stores, 505 F.Supp.2d at 614-16).

In this case, defendants have filed an answer to plaintiff's amended complaint, and it appears that plaintiff initiated discovery in late September 2011.  In her opposition brief to defendants' motion, plaintiff requests an opportunity to conduct discovery on her class allegations, a request that this court will exercise its discretion to grant before considering the merits of class certification.  See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1312, 1313 (9th Cir.1977) ("the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.  And, the necessary antecedent to the presentation of evidence is . . . enough discovery to obtain the material, especially when the information is within the sole possession of the defendant".).

In sum, I deny defendants' present motion and grant plaintiff's request for discovery on the class allegations.  The cut-off date for this discovery will be January 31, 2012.  I am compelled to state, however, that I am skeptical that plaintiff's proposed subclasses can meet the rigorous commonality requirements described in detail by the Supreme Court in Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551-52 (2011), that is, a common contention "of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." 131 S.Ct. at 2551.

3 - OPINION AND ORDER

CONCLUSION

Defendants' motion (# 32) is denied. The parties have until January 31, 2012, to conduct discovery on the class allegations.

DATED this 8th day of November, 2011.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge