IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ELLEN LEMBERG, | ) | Civil No. 2:11-cv-00271-REJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| SCOTTSDALE HEALTHCARE CORPORATION | ) | |
| HEALTH PLAN; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Daniel L. Bonnett
Jennifer L. Kroll
Susan J. Martin
MARTIN & BONNETT PLLC
1850 N. Central Avenue, Suite 2010
Phoenix, AZ  85004

  Attorneys for Plaintiff

Barry D. Halpern
Jefferson R. Hayden
Joseph G. Adams
SNELL & WILMER LLP
1 Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202

  Attorneys for Defendants

JONES, Judge:

Plaintiff brings this action against defendants Scottsdale Healthcare Corp. Health Plan, Plan Administrator of the Scottsdale Healthcare Corp. Health Plan, and Scottsdale Healthcare Corp., alleging claims for breach of contract, recovery of benefits, and enforcement of rights under various provisions of the Employment Retirement Income Security Act ("ERISA") and under the terms of the Scottsdale Healthcare Corp. Health Plan.

The case is now before the court on plaintiff's motion (# 37) to dismiss defendants' counterclaims and to strike defendants' affirmative defenses. For the reasons explained below, plaintiff's motion is granted in part and denied in part.

DISCUSSION

1.  Motion to Dismiss Counterclaims

Defendants allege two counterclaims: common law breach of contract (Count One); and violation of ERISA § 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A) (Count Two). Both counterclaims allege that plaintiff received erroneously paid benefits and seek reimbursement of the net amount of $17,115.65.

I agree with plaintiff that ERISA preempts defendants' federal and/or state common law[1] breach of contract claim (Count One). See Pacificare Inc. v. Martin, 34 F.3d 834, 836 (9th Cir. 1994) ("the Ninth Circuit has expressly refused to create federal common law causes of action under ERISA"); and Aetna Health Inc. v. Davila, 542 U.S. 200, 208-09 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy

---

[1] Defendants do not specify state or federal common law in their counterclaim.

conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." (citation omitted)).

I disagree, however, with plaintiff's contention that defendants' counterclaim Count Two "seeks relief not available under ERISA." Plaintiff's Motion, p. 6. Courts, including the Ninth Circuit, have tackled and clarified the law in this area since the Supreme Court decision in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), on which plaintiff primarily relies. A claim for restitution under ERISA § 502(a)(3)(A), such as the one defendants assert here, can qualify as a claim for equitable relief as opposed to a legal claim for personal liability, as recognized in Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 363-65 (2006), where, as here, the Plan contains a repayment provision. See Defendants' Counterclaim Count Two, ¶ 11; Defendants' Response, Exhibit A, p. 62. Moreover, there is no requirement, as plaintiff contends, that defendants must be able to trace the money they claim to a particular fund or asset held by plaintiff. See, e.g., Sereboff, 547 U.S. at 365; Mayhew v. Hartford Life and Acc. Ins. Co., ___ F.Supp.2d ___, 2011 WL 5024648 (N.D. Cal. Oct. 21, 2011); DeBenedictis v. Hartford Life and Acc. Ins. Co., 701 F.Supp.2d 1113, 1134 (D. Ariz. 2010).

Consequently, I grant plaintiff's motion with respect to counterclaim Count One and deny plaintiff's motion with respect to Count Two.

2.  Motion to Strike Affirmative Defenses

Defendants allege five affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) contributory negligence/comparative negligence; (4) third party fault; and (5) failure to mitigate. Plaintiff moves to strike all five defenses, arguing that defendants' allegations are insufficient to meet the basic pleading requirements of Rule 8, that the defenses

3 - OPINION AND ORDER

be stated in "short and plain terms." Fed. R. Civ. P. 8(b). In response, defendants state that they withdraw the defense of failure to state a claim, which they correctly assert can be raised at any time, Fed. R. Civ. P. 12(h)(2), and which is not, in any event, a proper *affirmative* defense. See, e.g., Scott v. Federal Bond and Collection Service, Inc., 2011 WL 176846 at *6 (N.D. Cal. Jan. 19, 2011).

With respect to the remaining four defenses, "'[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)).

With respect to defendants' statute of limitations defense, courts are split on whether reference to a specific statute of limitations is required to provide fair notice. See Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, ¶ 8:1050.1 and .2 (The Rutter Group 2011) (collecting cases). In Wyshak, the Ninth Circuit suggested, by its reasoning in that case, that defendants' conclusory allegation that "[p]laintiff's claims, and each of them, are barred by the applicable statutes of limitations" is insufficient. See Wyshak, 607 F.2d at 827 (defendants conclusory allegation sufficient where memorandum in support of motion to amend answer mentioned specific statute). Consequently, I reject defendants' argument in this case and will require reference to a specific statute. I note also that most of plaintiff's claims arise under ERISA. As the Ninth Circuit has instructed, the controlling statute of limitations for an action to recover benefits under ERISA is the state statute for claims on written contracts. Wetzel v. Lou Ehlers Cadillac, 222 F.3d 643, 648 (9th Cir. 2000). Arizona has a six-year statute of limitations. See Ariz.Rev.Stat. § 12-548. Defendants would be well-

advised to consider plaintiff's allegations against that time frame in determining whether a limitations defense to her ERISA claims is appropriate.

I agree with plaintiff that the remaining affirmative defenses, if appropriate at all in this case, do not, as phrased, give her fair notice of the substance of the defenses. In view of the above, I grant plaintiff's motion to strike defendants' second through fifth affirmative defenses, and grant defendants leave to amend their answer in accordance with this decision within 20 days.

## CONCLUSION

Plaintiff's motion (# 37) is granted in part and denied in part as stated in this opinion. Defendants are granted leave to file an amended answer within 20 days.

DATED this 6th day of December, 2011.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge